*241
 
 Jones, J.
 

 In the trial court the plaintiff attached to his petition a copy of the policy, but did not allege performance of “all the conditions on his part to be performed.” The petition was therefore demurrable; but since the cause proceeded to trial, upon the issue of performance, error cannot be predicated upon such defective pleading.
 
 Union Ins. Co. of Dayton
 
 v.
 
 McGookey,
 
 33 Ohio St., 555.
 

 The real issue in the case, that of giving immediate notice by the assured, was specifically pleaded in the second defense of the insurance company’s answer. It set forth the condition in the policy which required the assured, in case suit was brought against him, immediately to forward to the company the summons or other process served upon the assured. And it alleged that, although the suit for personal injuries was begun on December 26, 1922, no notice of the action was served upon it, or copies of the process forwarded to it, until May 14, 1923. No reply to this defense was filed. Had there been, the defendant would have been entitled to a judgment on the pleadings. However, since the cause proceeded to trial without objection, as if such reply were filed, judgment on the pleadings was not thereafter available to the defendant.
 
 Woodward
 
 v.
 
 Sloan, 27
 
 Ohio St., 592;
 
 Lovell
 
 v.
 
 Wentworth,
 
 39 Ohio St., 614;
 
 Franc
 
 v.
 
 Nirdlinger,
 
 41 Ohio St., 298;
 
 Cincinnati Gas & Elec. Co.
 
 v.
 
 Johnston,
 
 76 Ohio St., 123, 81 N. E., 155.
 

 This cause must therefore be determined upon the facts conceded and agreed to by the parties upon the trial. The policy contained, for the benefit of the insurer, a clause which required the assured to give immediate written notice (a) of the occurrence of
 
 *242
 
 the accident, (b) a like notice of any claim made, and (c) in case suit were brought against him the assured was required to “immediately forward to the company every summons or other process served on him.”
 

 Notice of the accident was given, but the second and third requirements were not implicitly complied with, since notice of the claim or the process was not forwarded to and received by the company until May 15, 1923, about four months and twenty days after the institution of the suit and service of summons.
 

 The stipulation as to notice was of the essence of the contract, and, as in other contracts, is to be construed so as to give effect to the intention and language used by the parties thereto.
 
 Travelers’ Ins. Co.
 
 v.
 
 Myers & Co.,
 
 62 Ohio St., 529, 57 N. E., 458, 49 L. R. A., 760. It is extremely important to an insurance company, which assumes liability in case of accident, and reserves the right to defend or settle claims arising therefrom, that notice of such claim or suits instituted thereon should be served upon the company, in order that it may examine into the cause of the accident that it may determine whether liability exists on the part of the assured.
 

 This policy required that the assured should immediately forward to the company every summons or process served on him. This court has already held that a stipulation of this character means that the action of the assured must be taken “within a reasonable time under the circumstances of the ease.”
 
 Ins. Co.
 
 v.
 
 Myers & Co., supra.
 
 Had the pleadings and proof disclosed merely that the process had been forwarded approximately five
 
 *243
 
 mouths after the institution of the suit, and nothing more, undoubtedly the court could conclude, as a matter of law, that immediate action under the clause of the policy had not been complied with. When it is developed, as in this case, that the assured seeks to exonerate himself by a justifiable excuse for failing to give such notice, a case is developed where the determination of such a claim becomes a question of fact, rather than of law, and is triable to a jury.
 
 Employers’ Liability Assurance Corp.
 
 v.
 
 Roehm,
 
 99 Ohio St., 343, 124 N. E., 223, 7 A. L. R., 182. Here the cause was submitted to the trial court without the intervention of a jury.
 

 The contention of the plaintiff in error has been and is now that the assured could not be expected to give notice to the company, or to forward to it the process served in the suit against him, until he actually knew that such suit was brought; that by reason of his absence from home from December until February, and his subsequent confinement to his home by illness from February until the latter part of April, he gained no knowledge of the pending lawsuit until the latter date. Whether such excuses, as a matter of law, are sufficient to avoid the explicit contract between the parties relating to immediate notice is a question upon which the decisions of the courts of this country are not in accord. The various citations touching that question may be found in 33 Corpus Juris, p. 15. The weight of authority, and we think the better reasoning, supports the principle announced in the text, viz.:
 

 “A
 
 default in serving notice * * * as required by the policy may be excused, where the circumstances are such as to render strict compliance with the
 
 *244
 
 requirement impossible or unreasonable, and insured has not failed to use due diligence. ’ ’
 

 The feature of the “impossibility” of giving notice has been frequently discussed in the reported cases. Even if it be conceded that the assured need not give notice of that which he does not know, still, if by the use of due diligence on his part, he should have ascertained that a suit had been brought against him, and th'e failure to do so was caused by his neglect, he should not charge his default in that regard upon the insurance company. An authority more frequently cited than any other, perhaps, is that of
 
 Woodmen’s Accident Assn.
 
 v.
 
 Pratt,
 
 62 Neb., 673, 87 N. W., 546, 55 L. R. A., 291, 89 Am. St. Rep., 777, where a great many cases upon the phase under discussion have been considered. In considering what obstacles or causes render the performance of notice impossible within the time stipulated, the court, in its syllabus, holds as we do, that:
 

 “The question of the sufficiency of the excuse offered and the reasonableness of the time in which the act is performed [is] to be determined according to the nature and circumstances of each individual case;
 
 the beneficiary in all cases being required to act with diligence, and without laches on his part.”
 
 (Italics ours.)
 

 Discussing policy provisions whereby notice must be given “forthwith” or “immediately,” Holcomb, J., conceding that the authorities are not entirely harmonious, states that:
 

 “The great weight of authority is to the effect that the exercise of due diligence and reasonable effort on the part of the insured to meet the requirements thus imposed [is] to be determined under all
 
 *245
 
 the circumstances as disclosed in each individual case.”
 

 That due diligence is necessary on the part of the assured when he sets up the claim of “impossibility” of obtaining knowledge of that which, under the terms of his policy, he is required to give immediate notice to the company, is also discussed in
 
 Parker
 
 v.
 
 Middlesex Mut. Assurance Co.,
 
 179 Mass., 528, 61 N.E., 215.
 

 Applying the facts developed on the trial of the instant case, we find that the accident happened on June 22,1921, and that suit was not brought against Heller until December 26, 1922, a year and a half after its occurrence. It is very probable that Heller in the meantime had either forgotten about the accident or expected no suit to result therefrom. However, such suit was brought against him, but notice of the'claim made of of process served was not received by the company until approximately five months thereafter. He was absent from home when the suit was instituted and summons served at his residence, and returned some time in February, when he learned that papers were left at his house and that his attorney was looking after them. It also appears that from February until the latter part of April he was sick and confined to his house and that he did not realize that the lawsuit grew out of the accident until May 14,1923. He did know that a suit had been brought, but he apparently made no effort to ascertain its character. No reason appears why, during his sickness, he failed to act in this respect, and the court may well have found that, under the circumstances, he failed to exercise due diligence in ascertaining the nature of the law
 
 *246
 
 suit against Mm and in giving notice thereof by forwarding the process served to the insurance company, as required by the condition in his policy. Upon the issue of his impossibility of performance, or of his exercise of due diligence in complying with the policy condition requiring immediate written notice of the claim and the immediate forwarding of the process to the defendant, the burden of proof was cast upon the plaintiff. A jury having been waived, the issue of due diligence must have been found by the court in favor" of the defendant below, and we cannot say there was error on the part of the trial court in so finding.
 

 The judgmeiits of the lower courts are affirmed.
 

 Judgments affirmed.
 

 Day, Allen, Kinkade, Robinson and Matthias, JJ., concur.