Hast, J.
 

 The first question to be determined is whether the bill of exceptions in this case was filed in the Common Pleas Court by the defendant within the time required by law. The Court of Appeals found it was so filed, and overruled a motion to strike.
 

 The pertinent part of Section 11564, General Code, reads as follows:
 

 “When * * * the verdict, or if a jury is waived,
 
 the finding of the court
 
 is against the law and the evidence, * * * the party excepting must reduce his objections to writing, and file them in the cause, not later than forty (40) days after the overruling of the motion for new trial, or the
 
 decision
 
 of the court, when a motion for new trial is not filed.” (Italics ours.)
 

 The terms “decision” and “judgment” have been used interchangeably in opinions by this court
 
 (Industrial Commission
 
 v.
 
 Musselli,
 
 102 Ohio St., 10, 130 N. E., 32), and the terms “finding” and “decision,” appearing in our procedural statutes, have likewise been used as synonymous or interchangeable'. This is il
 
 *288
 
 lustrated by the construction which this court has placed upon Section 11578, General Code, relating to the time from which the three-day period allowed for filing a motion for new trial must be computed.
 
 In re Estate of Lowry,
 
 140 Ohio St., 223, 42 N. E. (2d), 987;
 
 State, ex rel. Curran,
 
 v.
 
 Brookes, Jr., et al., Bd. of Trustees,
 
 142 Ohio St., 107;
 
 Steinle
 
 v.
 
 City of Cincinnati,
 
 142 Ohio St., 550.
 

 But regardless as to which of these terms is used in the statute or as to what significance is to be given to each of them, before the action of the court described by any of such terms becomes effective, it must be reduced to writing and officially filed or recorded. The specific question in this case is whether the bill of exceptions was filed not later than 40 days after the “decision” of the trial court, which, in turn, depends upon the answer to the question as to when the ‘ ‘ decision” of the court was made. It seems almost axiomatic that if time is to be computed from the
 
 decision of the court,
 
 such decision must be made a matter of record as the basis of such computation. In this case the notation of the court was entered upon the judge’s desk calendar or trial docket January 4,1943, but it was not entered on the appearance docket or filed for jourT nalization prior to January 19, 1943.
 

 The clerk of the Court of Common Pleas is required by law to keep:' (1) An appearance docket; (2) a trial docket and printed duplicates thereof for the use of the •court and its officers; (3) a journal; (4) a record; and (5) an execution docket. Section 2878, General Code.
 

 Section 11381, General Code, provides that “the •clerk shall make a trial docket at least twelve days before the first day of each term, and the cases shall be set for particular days, in the order in which they stand on the appearance docket.” The trial docket, •often called the court calendar, is a book containing a list of the titles of all pending actions in numerical
 
 *289
 
 order for the convenience of the court, its officers and counsel interested in the litigations. It is often used as a memorandum or desk calendar by each individual judge. But it is not a part of the court record. See
 
 Harvey
 
 v.
 
 Brown,
 
 1 Ohio, 268;
 
 Moore
 
 v.
 
 Brown,
 
 10 Ohio, 197, 200;
 
 Marhward & Niman
 
 v.
 
 Doriat,
 
 21 Ohio St., 637. On the other hand, Section 11604, General Code, provides that “all judgments and orders must be entered upon the journal of the court, and specify clearly the relief granted or order made in the action. * * * ” The litigant is not required to take notice of or be bound by what may appear on the court trial docket or desk calendar. He is bound by the entries which are made upon the appearance docket or journal. A •court speaks only through its journal and no finding, decision or judgment is rendered until an entry is duly prepared and filed with the clerk for journalization.
 
 State, ex rel. Industrial Commission,
 
 v.
 
 Day, Judge,
 
 136 Ohio St., 477, 26 N. E. (2d), 1014;
 
 In re Estate of Lowry, supra.
 

 Ofttimes, as in this case, the court makes a finding coupled with a judgment and the entry is a combination •of finding and judgment. Whether, in such case the action of the court be regarded as a “decision” or “judgment,” it is not rendered until it is reduced to writing and filed with the clerk for journalization.
 

 The case of
 
 Wright, Judge,
 
 v.
 
 State, ex rel. Eastman,
 
 104 Ohio St., 606, 136 N. E., 927, is decisive of the issue here made. In that case a verdict of a jury for defendant was rendered on January 19,1921. The plaintiff duly filed a motion for new trial. On February 1, 1921, the trial judge made the following entry on the trial or bench docket. “Motion for new trial overruled. Exceptions. Judgment on verdict.” No journal entry overruling the motion for new trial and for judgment upon the verdict was filed until March 24, 1921. The bill of exceptions was filed April 25, 1921,
 
 *290
 
 more than 40 days after February 1, 1921, but within 40 days after March 24, 1921. The trial court refused to sign a bill of exceptions on the ground that it was not filed within the time required by statute. The plaintiff brought a mandamus action in the Court of Appeals to require the trial court to allow the bill of exceptions. The writ was allowed and the judgment of the Court of Appeals was affirmed by the Supreme Court.
 

 The bill of exceptions in the instant case was therefore filed within 40 days after the “decision” of the court as required by law.
 

 The next subject of inquiry is whether the plaintiff gave notice to the defendant of his injury, as required by the insurance policy. The Court of Appeals, without opinion, one judge dissenting, reversed the judgment of the Common Pleas Court and rendered final judgment for the defendant, appellee herein, “for error of law in that plaintiff failed to comply with provisions of policy with respect to notice.”
 

 The provision requiring written notice of claim within 20 days is a valid and binding requirement and is of the essence of the contract.
 
 Travelers’ Ins. Co.
 
 v.
 
 Myers & Co.,
 
 62 Ohio St., 529, 57 N. E., 458, 49 L. R. A.,. 760;
 
 Heller
 
 v.
 
 Standard Accident Ins. Co.,
 
 118 Ohio St.,. 237, 160 N. E., 707.
 

 The petition makes no claim of waiver or estoppel as to notice, with the result that plaintiff was required,, in the absence of proof that such notice was reasonably impossible or was given as soon as reasonably possible, to prove that notice was given within 20 days of his injury as a prerequisite to his right to recover.
 
 Home Ins. Co.,
 
 v.
 
 Lindsey,
 
 26 Ohio St., 348;
 
 Eureka Fire & Marine Ins. Co.
 
 v.
 
 Baldwin,
 
 62 Ohio St., 368, 57 N. E., 57. He failed to make this proof.
 

 Even if he had claimed a waiver of notice the undisputed facts would not support such a claim. He clear
 
 *291
 
 ly suffered a definite injury and was attended and treated by physicians and surgeons regularly after his accident, yet he did not give any notice of claim until more than three months had expired. The plaintiff, under such circumstances, could not claim under the saving provision of the policy to the effect “that notice was given as soon .as was reasonably possible. ’ ’
 
 Wilcox
 
 v.
 
 Metropolitan Life Ins. Co.,
 
 304 Mass., 441, 23 N. E. (2d), 1002. Clearly, there was no compliance on the part of the plaintiff with the liberal provisions of the policy as to notice. This was a condition of his contract, the nonperformance of which precludes recovery.
 
 Kornhauser, Receiver,
 
 v.
 
 National Surety Co.,
 
 114 Ohio St., 24, 150 N. E., 921.
 

 The Court of Appeals did not err in its reversal of the judgment of the Common Pleas Court and in rendering final judgment. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Williams and Turner, JJ., concur.
 

 Bell, J., dissents.