966

PONCE DE LEON v. COCA COLA
BOTTLING CO. et al.

Civ. No. 4986.

District Court, Puerto Rico.
March 3, 1948.

Arnaldo P. Cabrera, of San Juan, P. R., for plaintiff.

James R. Beverley, of San Juan, P. R., for defendants.

CHAVEZ, District Judge.

1. The motion to amend error of translation will be denied. The word "perdida" (losses) is a synonym of "daños" or "damages". (Royal Spanish Academy Dictionary; Velazquez Spanish-English Dictionary).

The whole tenor of the complaint refers to "daños" (damages) and although paragraph (9) of the original complaint in Spanish refers to $5000 "perdidas" (losses), the allegation of negligence refers to "daños" and the prayer of the original complaint asks for $5000 "daños" (damages) with no mention of "losses" or "perdidas".

2. The motion for a more definite and particular statement of the losses allegedly suffered by the plaintiff is denied. This is an action for damages, not on open account nor on contract and in the exercise of a sound discretion there is no reason for granting the request for a bill of particulars or a more definite statement of losses.

3. The motion to dismiss on the grounds that the complaint failed to allege that it is based on an implied warranty is overruled. The general rule is that an ultimate consumer may bring an action directly against a negligent manufacturer or packer for injury sustained from the use of unwholesome food or beverages, although there is no contractual relation between the parties. 140 A.L.R. 197 (citing cases), see also annotation 142 A.L.R. 1490.

4. As to sub-paragraph (b) of paragraph (3) of the motion to dismiss, the Court holds that the language of paragraph (11) of the complaint is insufficient to show a cause of action of the insured against the insurer, and therefore it fails to state a cause of action of the plaintiff against the insurer, as plaintiff stands in the shoes of insured. It does not allege consideration nor does it allege performance by insured of all conditions precedent. Bradley v. Ill. Auto Insurance Exch., 227 Ill.App. 572; Heller v. Standard Accident Ins. Co., 118 Ohio St. 237, 160 N.E. 707, Anno. 76 A.L.R. 212. The complaint is insufficient so far as the insurer is concerned and therefore as to the Hartford Indemnity Company the motion to dismiss will be granted and the plaintiff will be given 20 days within which to amend or plead further.