KEITH, APPELLEE, *v.* LUTZWEIT; AUTO OWNERS INSURANCE CO., APPELLANT.

(No. 2425—Decided October 9, 1957.)

*Messrs. Baggott & Johnston,* for appellee.
*Messrs. Harshman, Young, Colvin & Alexander,* for appellant.

CRAWFORD, J.  This is an appeal on questions of law from a judgment of the Court of Common Pleas in favor of plaintiff, appellee herein, against defendant, Auto Owners Insurance Company, appellant herein, in the sum of $5,000.

Plaintiff recovered a judgment by default against Robert A. Lutzweit, defendant's insured, in the Circuit Court of Eto-

wah County, Alabama, on June 7, 1954. The judgment was for damages for personal injuries, which were assessed at $5,000 by said court on October 18, 1954.

On the basis of that judgment, plaintiff obtained a judgment by default against the same defendant in the same amount in the Court of Common Pleas of Montgomery County, Ohio, on January 14, 1956.

On February 27, 1956, plaintiff, under the provisions of Section 3929.06, Revised Code, filed her supplemental petition against defendant Auto Owners Insurance Company, insurer of Robert A. Lutzweit.

The insurance company answered that it was relieved of liability on its policy of insurance issued to Lutzweit because the latter failed to comply with the terms of the policy by giving to the company immediate notice of the accident and in failing to forward immediately to the company every demand, notice, summons or other process received by him or his representative, according to the requirements of the policy.

The jury found for the plaintiff and against the defendant insurance company, and further found, in answer to two special interrogatories, (1) that Lutzweit did give to the company immediate notice of the accident as defined by the court, and (2) did immediately forward to the company every demand, notice or summons received by him.

The insurance company advances two assignments of error: (1) The court erred in overruling the motion of defendant Auto Owners Insurance Company for a directed verdict at the close of all the evidence; (2) the court erred in overruling the motion of defendant Auto Owners Insurance Company for judgment notwithstanding the jury verdict.

The record shows that on Friday, December 25, 1953, in Gadsden, Alabama, the insured, Lutzweit, was driving an automobile when it struck and injured plaintiff; that the Gadsden city police ordered Lutzweit to appear in court the following Monday morning, December 28th, at which time the charges against him were dismissed; that on that occasion some relatives of the injured woman asked Lutzweit what his insurance company would do about it and he replied he "didn't know, it was up to them"; that he believed the plaintiff was seriously in-

jured; that Lutzweit returned to Dayton, Ohio, where, on February 26 or 27, 1954, he received a summons in the damage action brought in the Alabama court; that he notified the insurance company of the summons during the early part of March, 1954, well in advance of the answer day.

Lutzweit testified that at the time of the accident he was not sure just what to do about notifying the company, but did not attempt to do so at once because of the long Christmas holiday; and that when the charge against him was dismissed on Monday, December 28th, he did not think it was necessary to notify the company inasmuch as he did not consider himself to blame for the accident, and that the police at Gadsden expressed the view that such notice was unnecessary.

The evidence indicates that, prior to this particular incident, Lutzweit had had many other accidents, including one on December 19, 1953, and had always notified the company promptly; that some time before the accident of December 19, 1953, the company had advised him that another accident might cause them to cancel his policy.

Lutzweit appeared to have some vague recollection of receiving a letter from someone in Alabama, prior to his receipt of the summons, demanding damages, but he did not advise the company of this fact.

The provision in a casualty insurance policy for "immediate" notice of an accident has been construed to mean notice within a reasonable time in consideration of all the surrounding circumstances. *Travelers' Ins. Co.* v. *Myers & Co.*, 62 Ohio St., 529, 57 N. E., 458, 49 L. R. A., 760; *Heller* v. *Standard Accident Ins. Co.*, 118 Ohio St., 237, 160 N. E., 707; 22 Ohio Jurisprudence, 734, Insurance, Section 634; Annotation, 18 A. L. R. (2d), 443, 462.

Counsel have pointed out distinctions of fact between the instant case and some of those cited. It is said that a question of the reasonableness of the time of notice of receiving summons is quite different from a similar question as to time of notice of the accident. It is difficult to see the importance of the distinction, and the language used in the cases cited appears sufficiently broad to cover the instant case. It would seem that the only distinction of substance would be between those cases

where delay in giving notice of either kind prejudiced the insurer and those where it did not.

The court gave both special and general charges on the meaning of immediate notice which fully and adequately instructed the jury on the point, and no error is now claimed in the charge.

Apparently the insurer does not challenge the established principle that an issue as to whether or not notice is properly given to the insurer is ordinarily a question of fact for a jury. *Employers' Liability Assurance Corp.* v. *Roehm,* 99 Ohio St., 343, 124 N. E., 223, 7 A. L. R., 182; *Hendershot* v. *Ferkel,* 147 Ohio St., 111, 118, 68 N. E. (2d), 67 (jury waived). But it is contended that the evidence in this case was insufficient either to carry the case to the jury, or to support the verdict for plaintiff.

In overruling the two motions of insurer for a directed verdict and for judgment notwithstanding the verdict, the court was called upon to apply the same general rule as to measure of proof (*McNess* v. *Cincinnati Street Ry. Co.,* 152 Ohio St., 269, 89 N. E. (2d), 138), namely, whether reasonable minds might reasonably differ. 39 Ohio Jurisprudence, 795, Trial, Section 180.

In view of the importance of the circumstances of each particular case, it is impossible to say that any certain period of time is either reasonable or unreasonable in all cases. It would seem that the effect of delay upon the company's opportunity properly to defend the law suit should weigh heavily in the scale.

Without relieving the plaintiff of her burden of proof, it must be observed that there is no indication that the company was actually handicapped in any way by delay of the notice. It is suggested that the local police made their own investigation, but it does not appear that the company inquired as to the results or findings thereof or whether any evidence may have been lost or obliterated by the passage of time.

So far as any delay in notifying the company of the receipt of the summons is concerned, they had it in ample time to have made a defense before the time of judgment; and plaintiff's counsel in Alabama had themselves communicated with the company by letter before the default judgment was taken there. The company's counsel frankly stated in argument that the

short delay in notifying the company of the receipt of the summons was pointed out only for such bearing as it might have upon the reasonableness of Lutzweit's conduct at the time of the accident and during the ensuing interval.

The significance of the fact that the company had advised Lutzweit that another accident might result in cancellation of his policy is vigorously argued by both sides. It is claimed on the one hand that this naturally made Lutzweit reluctant to admit to the company that he had had another accident; on the other hand, it is insisted that this showed a disposition on the part of the company to seize upon any pretext to avoid liability. What bearing, if any, this circumstance may have had upon the determinative facts in the case was typically a jury question.

Upon consideration of all the evidence and the testimony as to the various events and circumstances, it is our opinion that a proper case was presented for determination by a jury.

The insurer invokes the provisions of its policy against liability "until the amount of the assured's obligation to pay shall have been finally determined either by judgment against the assured after actual trial or by written agreement of the assured, the claimant and the company."

It was logically observed by plaintiff's counsel that, if this were a defense, it would always be a simple matter for an insurance company to avoid payment by permitting the trial to go by default. If the company had already been absolved of liability by failure to give timely notice, the matter of trial would have been immaterial. Since, as we see it, it had not been so absolved, it must be held to have waived its right of trial by ignoring the timely receipt of summons and the communication from opposing counsel in advance of the original judgment in Alabama.

It is our conclusion that, upon the state of the evidence, the cause was properly submitted to the jury, that the evidence is sufficient to support the verdict, and that the insurer voluntarily waived its right to trial in Alabama.

The judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and WISEMAN, J., concur.