AMERICAN EMPLOYERS INSURANCE COMPANY, Plaintiff–Appellant,

v.

METRO REGIONAL TRANSIT AUTHORITY, Defendant– Appellee.

No. 92–4151.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 3, 1993.

Decided Dec. 21, 1993.

Rehearing Denied Jan. 25, 1994.

Jack F. Fuchs (argued & briefed), Kevin J. Breen, Thompson, Hine & Flory, Cincinnati, OH, for plaintiff-appellant.

Ronald B. Lee (briefed), Melissa S. Ulrich (argued), Roetzel & Andress, Canton, OH, for defendant-appellee.

Before: GUY and NELSON, Circuit Judges; and WELLFORD, Senior Circuit Judge.

DAVID A. NELSON, Circuit Judge.

This is a declaratory judgment action brought to determine whether the plaintiff, an insurance company, had a contractual duty to defend its insured in a wrongful death case. The latter case arose out of an accident notice of which was withheld from the insurance carrier for almost two years. The accident occurred in November of 1989; the insured chose not to notify the carrier until November of 1991.

One of the conditions of the insurance contract was this: "You [the insured] must see to it that we [the insurance company] are notified promptly of an 'occurrence' [*i.e.,* an accident] which may result in a claim." Ohio law, which is controlling here under the *Erie* doctrine, teaches that "prompt" notice means notice given within a "reasonable" time. See *Ruby v. Midwestern Indemnity Co.,* 40 Ohio St.3d 159, 532 N.E.2d 730 (1988). The insured has tacitly conceded that its two-year delay in giving notice was unreasonable, and we take it as given that the insured failed to comply with the quoted condition.

Under traditional principles of contract law, as heretofore applied by the Supreme Court of Ohio, the notice provision of an insurance policy creates a condition precedent, non-compliance with which precludes recovery by the insured. See *Kornhauser v. National Surety Co.,* 114 Ohio St. 24, 150 N.E. 921 (1926) (3rd syl). The stipulation as to timely notice is thus treated as being "of the essence of the contract." See *Heller v. Standard Accident Ins. Co.,* 118 Ohio St. 237, 242, 160 N.E. 707, 708 (1928).

The dispositive question here, as we see it, is whether the Supreme Court of Ohio would decline to apply its traditional rule if

the insurance carrier could point to no actual prejudice resulting from the insured's non-compliance with the notice condition. The judgment of the district court reflects an affirmative answer to this question; in a decision reported at 802 F.Supp. 169 (N.D.Ohio 1992), the district court awarded summary judgment to the insured on the theory that the insurance company had not been prejudiced by the delay.

We answer the question differently. Although the absence of prejudice clearly has a bearing on the issue of compliance with policy conditions—*i.e.*, the issue of whether notice was given within a reasonable time—the delay in this case was so egregious, as the district court correctly noted, that it was unreasonable as a matter of law. *Id.* at 172 n. 1. The insured having failed to comply with an essential condition of the contract, we do not believe that the Ohio Supreme Court would permit recovery. We shall therefore reverse the judgment in favor of the insured and direct that judgment be entered in favor of the insurance carrier.

## I

The insured party in this case, Metro Regional Transit Authority, is a government agency that operates a bus service in Akron, Ohio. On November 30, 1989, a Metro bus stopped to pick up passengers at a bus stop located near the intersection of Copley Road and Winton Avenue in that city. According to a subsequently-filed complaint, the location of the bus stop was such that the vehicle came to a halt immediately in front of a crosswalk, "thereby blocking the view of motorists and pedestrians alike."

While the bus was standing at the bus stop, a 17–year–old pedestrian, Michelle Reynolds, attempted to cross Copley Road at the intersection. An automobile was passing the stopped bus just as Ms. Reynolds cleared the front of the bus, and the automobile struck and killed her.

On the day following the accident, acting at the request of the service director of the city, Metro moved its bus stop to a location farther from the intersection. It did so under protest: "I fully realize that a terrible trage-dy has taken place at this location," Metro's general manager said in a contemporaneous letter to the service director, "[but] I strongly feel that the location of the bus stop did not contribute to that tragedy."

Metro had two insurance policies under which it might have been able to seek indemnification against liability in respect of the accident. A policy issued by Progressive Insurance Company covered claims arising out of the ownership, maintenance, or use of Metro's busses. A policy issued by American Employers Insurance Company (the carrier that is the plaintiff here) provided commercial general liability coverage. Metro gave prompt notice of the accident to Progressive, but made a conscious decision not to notify American Employers.

The driver of the bus prepared an accident report on the day of the occurrence, and the accident scene was photographed by Metro employees the next day. These employees also prepared an internal report on the circumstances of the accident. A complete copy of Metro's investigation file was sent to Progressive—and only Progressive—on December 11, 1989.

Progressive concluded that the bus driver had not been negligent, and by letter dated February 15, 1990, Progressive advised Metro that it was closing its file. The letter went on to suggest that Metro contact its general liability carrier if a claim were presented; a claim based on the contention that Metro had been negligent in the placement of its bus stop, Progressive stated, "would be a general liability issue." The letter also mentioned a telephone conversation in which Metro had noted that if the placement of the bus stop became an issue, "the city of Akron would more than likely be brought in since they are responsible for approving the ultimate placement of the stops."

In December of 1989 a state-court wrongful death action was filed against the driver of the automobile on behalf of Ms. Reynolds' estate. The complaint was amended in July of 1991 to add Metro as a defendant. Metro did not attempt to bring the City of Akron into the suit, and American Employers still was not notified. Metro did notify Progressive, however, and that company responded

with a reservation of rights letter in which it again recommended that Metro notify its general liability carrier. Metro did not act on this recommendation, and it retained its own lawyers to defend it in the wrongful death case.

In September of 1991 Metro moved for summary judgment in the state-court proceeding. Prior to the filing of the summary judgment motion, Metro's lawyers began prodding the agency to put American Employers on notice of the accident and of the claim arising from it. Metro, which did not believe it had coverage under the American Employers policy, resisted these proddings.

In April of 1992 the state court granted Metro's motion for summary judgment in the wrongful death case. The estate appealed, and we are told that Metro settled the case (without any contribution from the City of Akron, as far as we know) while the appeal was pending.

Meanwhile, on November 13, 1991, Metro finally notified American Employers of the accident and the lawsuit. The insurance company denied coverage, citing, among other things, the policy condition requiring prompt notice of any occurrence that might result in a claim. (The letter denying coverage also cited a policy condition requiring "prompt written notice" of any claim or suit brought against the insured, as well as a condition obligating the insured "immediately" to send the insurance company copies of any suit papers received.)

American Employers filed the present declaratory judgment action shortly after it mailed the letter denying coverage. Discovery was taken, and both sides then moved for summary judgment. The district court denied American Employers' summary judgment motion and granted Metro's, declaring that "American Employers has the duty to reimburse Metro for the latter's [attorney] fees and costs in defending the state court action and, as well, for its fees in the within action." 802 F.Supp. at 184. We are told that Metro is also looking to American Employers for reimbursement of the amount paid in settlement of the wrongful death case.

The order terminating the declaratory judgment action was entered on September 1, 1992. Within ten days thereafter, American Employers served and filed a motion for reconsideration. On September 23, 1992, as a precautionary measure, American Employers filed a notice of appeal to protect itself in case it should be determined that the motion for reconsideration was not a time-tolling motion under Rule 59, Fed.R.Civ.P. (This court ultimately construed the motion for reconsideration as a time-tolling motion to alter or amend judgment pursuant to Rule 59(e); we therefore dismissed the notice of appeal as premature. Our dismissal order noted that under Rule 4(a)(4), Fed.R.App.P., the time for appeal runs from entry of the order disposing of the motion to alter or amend.)

By order entered on October 27, 1992, the district court denied American Employers' motion for reconsideration. A second notice of appeal was filed two days later. Although the first such notice had designated the district court's final judgment as the order being appealed from, the second notice designated only the order denying the motion for reconsideration.

## II

Metro invites us to disregard American Employers' appellate brief on the ground that there has not been a proper appeal from the underlying judgment. We see no need to accept the invitation.

The first notice of appeal had not been dismissed when the second notice was filed, and it was reasonably clear, in our view, that American Employers intended to appeal from both the summary judgment and the denial of the Rule 59 motion. An appeal from the underlying summary judgment would have been timely on October 29, when the second notice of appeal was filed, and the failure of the second notice to designate the underlying judgment may be treated as harmless error. See *Peabody Coal Co. v. Local Union Nos. 1734, 1508, and 1548, UMW,* 484 F.2d 78, 81–82 (6th Cir.1973), *cert. denied after subsequent appeal,* 430 U.S. 940, 97 S.Ct. 1571, 51 L.Ed.2d 787 (1977) (treating timely appeal from denial of

a Rule 59(e) motion as appeal from underlying judgment as well). We shall therefore address the merits of the case.

### III

At the turn of the present century the Supreme Court of Ohio established the principle that when an insurance policy says that the carrier is to be given "immediate" notice of an accident, it means that notice must be given "within a reasonable time under the circumstances of the case...." *Travelers Ins. Co. v. Myers,* 62 Ohio St. 529, 57 N.E. 458 (1900) (4th syl.).[1] The same principle applies where, as here, the policy stipulates that the carrier is to be given "prompt" notice. See *Ruby v. Midwestern Indemnity Co.,* 40 Ohio St.3d 159, 532 N.E.2d 730 (1988), where the court's syllabus reads as follows:

"A provision in an insurance policy requiring 'prompt' notice to the insurer requires notice within a reasonable time in light of all the surrounding facts and circumstances."

 A determination as to whether an insured has complied with a policy provision requiring prompt notice is likely to be heavily influenced by the effect any delay may have had upon the carrier's ability properly to defend a lawsuit resulting from the accident. See *Keith v. Lutzweit,* 106 Ohio App. 123, 126, 6 O.O.2d 396, 153 N.E.2d 695, 698 (Montgomery Co.1957) ("It would seem that the effect of delay upon the company's opportunity properly to defend the lawsuit should weigh heavily in the scale"). And citing *Patrick v. Auto–Owners Ins. Co.,* 5 Ohio App.3d 118, 119, 5 O.B.R. 235, 449 N.E.2d 790, 791 (Warren Co. 1982), the author of the majority opinion in the *Ruby* case stated that "[u]nreasonable delay in the giving of notice may be presumed prejudicial to the insurer ab-

sent evidence to the contrary." 40 Ohio St.3d at 161, 532 N.E.2d at 732.[2]

Where the facts and circumstances of a particular case compel the conclusion that the insured has been guilty of unreasonable delay in discharging a contractual obligation to give the carrier notice of an accident, the traditional view has always been that the insured has failed to meet a condition precedent to coverage under the policy. See *West American Ins. Co. v. Hardin,* 59 Ohio App.3d 71, 73, 571 N.E.2d 449, 452 (Montgomery Co.), *m.c.o.,* 42 Ohio St.3d 714, 538 N.E.2d 1065 (1989) ("The traditional view treats proper notice as a condition precedent to coverage").

The Supreme Court of Ohio endorsed the traditional view in *Kornhauser v. National Surety Co.,* 114 Ohio St. 24, 150 N.E. 921 (1926), holding in the third paragraph of its syllabus that the notice provision in a contract of indemnification "constitutes a condition precedent, and when the [indemnitee] fails to comply therewith he cannot recover...." In *Krasny v. Metropolitan Life Ins. Co.,* 143 Ohio St. 284, 291, 28 O.O. 199, 54 N.E.2d 952, 955 (1944), similarly, an unjustified three-month delay in giving notice was held to bar recovery by the insured under the policy. A clause requiring written notice within twenty days was said to be "a condition precedent to his contract, the nonperformance of which precludes recovery." *Id.*

The same concept was given a different verbal formulation in *Heller v. Standard Accident Ins. Co.,* 118 Ohio St. 237, 242, 160 N.E. 707, 708 (1928), where it was said that "[t]he stipulation as to notice was of the essence of the contract...." *Cf. Patrick,*

---

**1.** The *Myers* court went on to hold that "where the facts are not disputed, what is a reasonable time is a question of law." *Id.* The Supreme Court subsequently disapproved this branch of the fourth paragraph of the syllabus in *Myers,* holding that under some circumstances, at least, "the question whether a notice was given within time is not a matter of law, but is a question for the determination of a jury." *Employers' Liability Assurance Corp. v. Roehm,* 99 Ohio St. 343, 124 N.E. 223 (1919).

**2.** Under the Supreme Court's long-established "syllabus rule," the points of law actually decided in a case are to be found in the Court's syllabus. Where the author of the opinion expresses views on questions not covered in the syllabus, "the language is merely the personal opinion of the writer." *State v. Wilson,* 58 Ohio St.2d 52, 60, 12 O.O.3d 51, 388 N.E.2d 745, 751, *appeal dismissed,* 444 U.S. 804, 100 S.Ct. 25, 62 L.Ed.2d 17 (1979).

449 N.E.2d at 791 ("Such a requirement is of the essence of the contract of insurance").[3]

That a provision requiring notice within a reasonable time partakes of the "essence" of a contract of insurance, and that compliance with such a provision is a condition precedent to coverage under the policy, are principles that have never been disavowed by the Ohio Supreme Court. Without much analysis of the controlling precedents, however, some lower Ohio courts have suggested, as did the Court of Appeals for Montgomery County in *Hardin*, 571 N.E.2d at 452, that "late notice relieves the insurer of its obligations under the policy only if the insurer demonstrates prejudice as a result of the delay." See *Zurich Ins. Co. v. Valley Steel Erectors, Inc.*, 13 Ohio App.2d 41, 43, 233 N.E.2d 597, 599 (Trumbull Co.1968) (characterizing *Nationwide Mut. Ins. Co. v. Motorists Mut. Ins. Co.*, 116 Ohio App. 22, 21 O.O.2d 225, 186 N.E.2d 208 (Darke Co.1961), and *Keith v. Lutzweit*, 106 Ohio App. 123, 6 O.O.2d 396, 153 N.E.2d 695 (Montgomery Co.1957) (the same two opinions cited in *Hardin*) as holding that " 'prejudice' to the insurer in addition to delayed notice must be shown to avoid coverage").

We do not read the opinion in *Keith* as going that far. In *Keith* a jury specifically found, in answer to special interrogatories, that the insured had *complied* with the notice provisions of his insurance contract. The question before the court of appeals was whether such a finding was impermissible, as a matter of law, where some three months had intervened between the time of the accident and the time notice was given. In holding against the insurance company on this issue, the court stressed the absence of any indication of prejudice. But holding that a jury can find, in the absence of prejudice, that an insured *did* comply with the notice provisions of his policy is obviously a far cry from holding that prejudice must be shown, if coverage is to be defeated, even where the

insured did *not* comply with the notice provisions.

If compliance is a condition precedent to recovery, as the Ohio Supreme Court held it to be in *Kornhauser*, failure to meet the condition necessarily precludes recovery regardless of prejudice. Thus in *Miller v. Indian Lake Ins. Agency, Inc.*, 1990 WL 178947, 1990 Ohio App. LEXIS 5256 (Logan Co., Nov. 13, 1990), *Kornhauser* was held to require affirmance of a summary judgment denying coverage to an insured who, like the insured in the case at bar, had delayed almost two years in giving notice of an accident.

In a comparable case decided even more recently, *Liberty Savings Bank v. Lawyers Title Ins. Corp.*, 1990 WL 235470, 1990 Ohio App. LEXIS 5845 (Butler Co., Dec. 31, 1990), *m.c.o.*, 60 Ohio St.3d 712, 573 N.E.2d 672 (1991), the Court of Appeals likewise affirmed a summary judgment for an insurance carrier on the ground that the insured had failed to satisfy a condition regarding notice. Noting that "Ohio courts have been in agreement in finding notice requirements to be [of] 'the essence of the contract,' " and citing the Supreme Court's *Krasny* case, the court held that:

> "Compliance with the notice of loss provision is a condition precedent to the right of Liberty to assert a claim or bring suit. Liberty's failure to satisfy the condition of furnishing notice of loss … precludes Liberty from recovery." *Id.* 1990 WL 235470 at *3, 1990 LEXIS 5845 at *7.

The court of appeals also expressed agreement with the following observations offered by the lower-court judge:

> "To determine that the notice provision is not a valid condition precedent, is to relegate 'notice' to superfluousness. Most certainly an insurance company is entitled to notice of a potential claim because preju-

**3.** "The phrase 'Time is of the essence of a contract' means in equity that performance by one party at a time or within a period specified in the agreement is essential to enable him to require performance by the other party…." *Bouse v. Bd. of Real Estate Examiners*, 75 Ohio L.Abs. 376, 383, 135 N.E.2d 274, 280 (Cuyahoga Co. Ct.App.1956).

Untimely compliance with a condition of the contract may be excused in order to avoid a forfeiture if the court concludes that compliance within the stipulated time is not a material part of the agreed exchange—and "[t]his conclusion is sometimes summed up by the phrase that 'time is not of the essence.' " Restatement (Second) of Contracts, § 229 cmt. c (1979).

dice may indeed result, and the insurance company should not have to litigate on each occasion whether or not 'prejudice' did or did not occur under the circumstances of each particular case. This is precisely why there is a general presumption of prejudice when the notice requirement is not followed. See *Patrick v. Auto Owners Insurance Co.* (1982), 5 Ohio App.3d 118, [5 OBR 235, 449 N.E.2d 790]."

■ In *Patrick,* it will be recalled, the court of appeals stated that "[u]nreasonable delay in the giving of notice may be presumed prejudicial to the insurer *in the absence of evidence to the contrary.*" 5 Ohio App.3d at 119, 449 N.E.2d at 791 (emphasis supplied). Read in isolation, this passage suggests that non-compliance with a policy provision requiring notice within a reasonable time would not bar recovery if the insured could produce evidence rebutting the presumption of prejudice. But as pointed out in *Liberty Savings Bank,* Ohio courts treat stipulations for the giving of notice as being of the essence of the contract. Thus even where timely notice of an *accident* has been given, as the *Heller* opinion teaches, a stipulation requiring like notice of a subsequent *claim* remains "*of the essence of the contract....*" 118 Ohio St. at 242, 160 N.E. at 708 (emphasis supplied). The citation to *Patrick* in *Ruby* was preceded by a citation to *Heller,* see 40 Ohio St.3d at 161, 532 N.E.2d at 732, and we think *Heller* is still good law in Ohio.

■ It is not possible to reconcile all of the language in all of the Ohio opinions we have mentioned. Giving appropriate weight to the syllabi of the pertinent Supreme Court decisions, however, and attempting to harmonize the opinions of both lower court judges and Supreme Court justices to the extent possible, we reach the following conclusions as to the current state of Ohio law:

(1) Where the conditions set forth in an insurance policy call for "prompt" or "immediate" notice of the occurrence of an accident, or of the making of a claim or the service of legal papers, the insured must act within a reasonable time;

(2) What is "reasonable," in a given case, must be determined in light of all of the surrounding facts and circumstances;

(3) One of the facts and circumstances to be considered is any prejudice that may have resulted from delay on the part of the insured—and "unreasonable" delay can give rise to a rebuttable presumption of prejudice;

(4) Where it has been determined, with or without the use of such a presumption, that the insured failed to meet a condition as to the giving of notice within a reasonable time, the insured is not entitled to recover on the contract of insurance. No other conclusion is possible if time is truly of the "essence" of the contract and compliance is truly a "condition precedent" to coverage.

As to the case at bar, it remains to be considered whether the district court was correct in thinking that Metro's two-year delay in giving notice was unreasonable as a matter of law. We think it was.

Metro clearly knew on the day of the accident that something very serious had happened. Metro clearly knew that the accident might result in a claim against it based on the placement of its bus stop; indeed, Metro discussed this very possibility with Progressive, its motor vehicle insurance carrier. Metro clearly knew that if it wanted to receive the benefits of coverage under either policy, it was supposed to give notice to the appropriate carrier within a reasonable time. Yet while Metro gave such notice to Progressive, it made a whole series of deliberate decisions—against the advice of Progressive and against the advice of its own lawyers—not to give notice to its other carrier, American Employers.

As an agency with some experience in claims matters, Metro must have known of the importance of conducting accident investigations promptly. It is true that Metro promptly conducted its own investigation, the results of which were eventually to become available to American Employers; no one could possibly be sure, however, two years after the fact, that an independent investigation, conducted early on, would not have turned up witnesses whom Metro's investiga-

tors failed to locate. For all we can tell from the record before us, moreover, American Employers, if notified promptly, might have been able to prevail on the City of Akron to contribute to an early settlement or otherwise ameliorate Metro's situation. We know that Metro considered the city a potential target, the city having been responsible for approving the placement of the bus stop, and there has been no showing that an early approach to the city would not have been productive.

These considerations are illustrative of the reasons why, over the years, Ohio courts have consistently recognized that stipulations for prompt notice of potential claims really are important to insurance companies. Where an insurance contract says that coverage will be afforded only on condition that notice of potential claims be given within a reasonable time, most Ohio courts have recognized, as did the courts in *Liberty Savings Bank,* that it simply is not fair to treat compliance with such a condition as "superfluous."

In many cases, of course, reasonable people can differ as to whether notice has been given within a reasonable time. Where there is room for such disagreement, the timeliness of the notice is a question for determination by a jury. See *Employers Liability Assurance Corp. v. Roehm, supra,* where the Supreme Court's syllabus confirms that the notice provision in a contract of indemnity insurance "is of the essence of the contract," but adds the qualification that there can be circumstances in which it is for the jury to say whether the notice provision has been complied with.[4]

The circumstances of the case at bar, as we have outlined them here, leave no room for an argument that Metro gave notice to American Employers within a reasonable time. Metro has never attempted to make such an argument, it has never attempted to

justify its extraordinary delay, and it has never challenged the district court's observation (802 F.Supp. at 172 n. 1) that there has been "a tacit concession that the subject delays were 'unreasonable.'" We thus have no hesitancy in concluding—as Ohio courts have done repeatedly, where warranted by circumstances, over the years since *Roehm* was decided—that the insured failed as a matter of law to meet the conditions of the policy regarding notice to the insurer. The failure to meet these conditions necessarily precludes Metro from recovering against American Employers under the policy.

The judgment of the district court is **REVERSED,** and the case is **REMANDED** for entry of judgment in favor of the insurance company.

WELLFORD, Senior Circuit Judge, concurring.

In this insurance case, the district court expressed difficulty with a number of concepts. I believe these troublesome issues require the attention of the Ohio Supreme Court. The first of these concerns is the operation and effect of the presumption of prejudice that arises when an insured fails to give the insurer timely notice of the event giving rise to the insurance claim.

I perceive two schools of thought in Ohio regarding the effect of late notice in an insurance contract. One school treats timely notice as a condition precedent to coverage where the insurance carrier is relieved of the duty to insure if the insured violates the notice provision. *See, e.g., Kornhauser v. National Surety Co.,* 114 Ohio St. 24, 150 N.E. 921 (1926); *Krasny v. Metropolitan Life Ins. Co.,* 143 Ohio St. 284, 28 O.O. 199, 54 N.E.2d 952, 955 (1944); *Heller v. Standard Accident Ins. Co.,* 118 Ohio St. 237, 242, 160 N.E. 707, 708 (1928); *Patrick v. Auto–Owners Insurance Company,* 5 Ohio App.3d

---

4. The circumstances that justified submission of the *Roehm* case to a jury are described in the following excerpt from the syllabus:

"if at the time of the accident, and within the period stipulated for the giving of notice, no reasonable ground existed warranting a belief that the injury was anything but trivial in its character, not justifying a claim for damages,

and it subsequently develops that as a result of such accident serious consequences have ensued, and that immediately upon being advised of this fact the insured gives written notice to the insurer, the question whether the notice was given within time is not a matter of law, but is a question for the determination of a jury." 99 Ohio St. at 343, 124 N.E. at 223.

118, 119, 449 N.E.2d 790, 791 (Warren Cty. 1982) (timely notice "is of the essence of the contract of insurance"). The other school adheres to the position that "late notice relieves the insurer of its obligations under the policy only if the insurer demonstrates prejudice as a result of the delay." *West Am. Ins. Co. v. Hardin*, 59 Ohio App.3d 71, 73, 571 N.E.2d 449, 452 (Montgomery Cty.), *mot. overr'd*, 42 Ohio St.3d 714, 538 N.E.2d 1065 (1989). Following *Hardin*, the district court in this case adopted the later view. I believe that the Supreme Court of Ohio should decide whether the position adopted by the district court was the correct one under Ohio law to resolve this case properly.

Citing *Ruby v. Midwestern Indemnity Co.*, 40 Ohio St.3d 159, 161, 532 N.E.2d 730, 732 (1988), and *Patrick*, 5 Ohio App.3d at 119, 449 N.E.2d at 791, the district court relied on the following statement of the law in Ohio: "[u]nreasonable delay in the giving of notice may be presumed prejudicial to the insurer absent evidence to the contrary."

It remains unclear to me whether the rebuttable presumption of prejudice shifts the ultimate burden of showing prejudice from the insurer to the insured in Ohio. The controversy is fueled by an apparent ambiguity in *Hardin*. After the holding, above quoted, that the insured must prove prejudice, the court stated that "prejudice to the insurer is presumed from unreasonable delay in giving the required notice of loss under the policy, and the burden rests upon the claimant to show absence of prejudice." *Hardin*, 571 N.E.2d at 452 (citing *Zurich Ins. Co. v. Valley Steel Erectors*, 13 Ohio App.2d 41, 233 N.E.2d 597 (Turnbull Cty. 1968), and *Security Ins. Co. v. Snyder-Lynch*

*Motor, Inc.*, 183 Cal.App.2d 574, 7 Cal.Rptr. 28 (1960)). Both Ohio Rule of Evidence 301 and a recent Ohio appellate decision support Metro's contention,[1] and the district court in this case adopted that view.[2]

Because of my uncertainty and the at least limited deference I would give to the Ohio district judge, I would prefer in this case to certify these unsettled questions to the Ohio Supreme Court. The majority concedes, moreover, that "it is not possible to reconcile ... all of the Ohio opinions we have mentioned."

Despite my preference to certify the unsettled questions to the Ohio Supreme Court, I would agree with the majority "that Metro's delay in giving notice was unreasonable as a matter of law" for the reasons stated by Judge Nelson.

Despite my reservations, I concur in the result.

---

1. Ohio Rule of Evidence 301 provides:

 In all civil actions and proceedings not otherwise provided for by statute enacted by the General Assembly or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of non-persuasion, which remains throughout the trial upon the party on whom it was originally cast.

 In *Ohio Cas. Ins. Co. v. Joseph Sylvester Constr. Co.*, No. 90–T–4439, 1991 WL 206628 (Turnbull Cty. App. Sept. 30, 1991), *jurisdictional mot. overr'd*, 63 Ohio St.3d 1411, 585 N.E.2d 835

(1992), the court held that "[i]t is now well settled that untimely notice is rebuttably presumed to be prejudicial to the insurer, and the insured bears the burden of producing evidence sufficient to rebut the presumption."

2. The district court stated, among other things:

 The court believes that the Ohio Supreme Court would decide the issue presented as did the court in *Hardin* [, 59 Ohio App.3d 71, 571 N.E.2d 449 (Montgomery Cty. 1989) (first syllabus)]. First, it must be pointed out that *Hardin*, in actuality, represents the majority view among the courts in Ohio.