70 F.3d 1273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tommy WOODSON, Plaintiff-Appellant,
v.
Wayne MORRIS, Individually and in his official capacity;
Charlie Pickard, Individually and in his official
capacity, Defendants-Appellees.
 No. 94-6608.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1995.
 
 Before: ENGEL, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Tommy Woodson appeals a district court order imposing discovery sanctions on Woodson and dismissing his civil rights action. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Woodson sued two Tennessee correctional personnel in their individual and official capacities under 42 U.S.C. Sec. 1983, alleging that they violated his equal protection and due process rights in selecting inmates for work assignments. The district court dismissed Woodson's due process claims as frivolous, but ordered process to issue as to Woodson's equal protection claims. The defendants subsequently moved to sanction Woodson under Fed.R.Civ.P. 37 and 41(b) and requested the court to dismiss the case because Woodson refused to attend his own deposition. The district court granted the motion and dismissed the case by order entered on October 17, 1994. Woodson filed a motion for a new trial on October 20, 1994, which the district court denied in a marginal entry. On October 31, 1994, Woodson filed a motion to vacate the judgment pursuant to Fed.R.Civ.P. 60(b)(1), which the district court also denied in a marginal entry. Woodson has filed a timely appeal from the order denying Rule 60(b) relief.
 
 
 3
 Initially, we note that Woodson's Rule 60(b) motion acted as a time-tolling motion for filing a notice of appeal in this case because it was served on the parties within the relevant ten day period after the entry of the district court's order dismissing the case. See Fed.R.App.P. 4(a)(4)(F). Significantly, a timely notice of appeal from the denial of a time-tolling Rule 60(b) motion brings up for review the underlying judgment. See American Employers Ins. Co. v. Metro Regional Transit Auth., 12 F.3d 591, 594 (6th Cir.1993).
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in dismissing the case as a sanction for Woodson's failure to attend his deposition. See Beil v. Lakewood Eng'g & Mfg. Co., 15 F.3d 546, 551 (6th Cir.1994). Although Woodson had adequate advance notice of the date of the deposition, he still refused to participate in the deposition. In light of this willful refusal to attend the deposition, the district court properly sanctioned Woodson by dismissing his case. See Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993) (clear record of delay and contumacious conduct sufficiently supports sanction of dismissal). Woodson did not provide an adequate explanation for failing to attend the deposition in his Rule 60(b) motion. Therefore, the court did not abuse its discretion in denying the Rule 60(b) motion. See Lewis v. Alexander, 987 F.2d 392, 395 (6th Cir.1993).
 
 
 5
 Accordingly, we affirm the district court's judgment. Rule (b)(3), Rules of the Sixth Circuit.