89 F.3d 832
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard C. CLEMENT, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF TRANSPORTATION, et al., Defendants-Appellees.
 No. 95-1811.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1996.
 
 1
 Before: KENNEDY and BOGGS, Circuit Judges; RUSSELL, District Judge.*
 
 ORDER
 
 2
 Richard C. Clement, a pro se Michigan plaintiff, appeals a district court judgment dismissing his civil rights complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Equal Pay Act of 1963, 29 U.S.C. § 206(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Clement, an African-American, sued his employer (Michigan Department of Transportation (MDOT)), six MDOT officials (Murray, Chien, Volk, Ford, Lee, and Lopez), and four officials in the Michigan Department of Civil Service (Blockett, Gilroy, Ellsworth, and Burns). In his original complaint, Clement asserted a claim of discriminatory failure to promote and also alluded to a claim of sex discrimination. Clement later filed a motion for a temporary restraining order, asserting that the defendants had retaliated against him for filing the complaint. The court denied the motion, but also construed it as an amendment to the complaint. After the parties filed cross-motions for summary judgment, the district court granted summary judgment in favor of the defendants. The district court did not address the sex discrimination claim in its opinion. Clement then filed a motion to set aside the judgment which the district court denied. Clement timely appeals the denial of the motion to set aside the judgment and requests oral argument.
 
 
 4
 Initially, we note that the district court overlooked Clement's claim of sex discrimination, but we conclude that the omission does not warrant vacating the district court's judgment and remanding for further consideration because Clement effectively abandoned the claim in the district court and relief on the claim was implicitly denied. See Ford Motor Co. v. Transport Indemnity Co., 795 F.2d 538, 543 (6th Cir.1986).
 
 
 5
 We also note that Clement requested a new trial as well as relief from judgment in his motion to set aside the judgment. The district court denied the motion, reasoning that Clement failed to establish a basis for relief under either Fed.R.Civ.P. 59 or Fed.R.Civ.P. 60. However, Clement filed the motion within ten days of the district court's order granting summary judgment and therefore the motion to set aside the judgment is properly construed as a Rule 59(e) motion. See Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir.), cert. denied, 479 U.S. 930 (1986). Thus, the underlying judgment is properly subject to review. See American Employers Ins. Co. v. Metro Regional Transit Auth., 12 F.3d 591, 594 (6th Cir.1993).
 
 
 6
 Upon review, we conclude that the district court properly granted summary judgment to the defendants. See Fed.R.Civ.P. 56(c); Harrow Prods., Inc. v. Liberty Mutual Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Clement is not entitled to relief because he did not meet his burden of proving employment discrimination as set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-03 (1973), for either claim. Clement did not meet his burden of establishing a prima facie case of discriminatory failure to promote because he did not present evidence showing that he qualified for a promotion. See Jackson v. RKO Bottlers of Toledo, Inc., 743 F.2d 370, 375 (6th Cir.1984). Clement did not meet his burden of establishing a prima facie case of retaliation for filing a civil rights suit because he did not present evidence of causation between his suit and the sanctions imposed by the defendants. See Canitia v. Yellow Freight Sys., 903 F.2d 1064, 1066 (6th Cir.), cert. denied, 498 U.S. 984 (1990).
 
 
 7
 Accordingly, we hereby deny Clement's request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation