[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiffs-appellants, Jerry and Elizabeth Shroat ("the Shroats"), and defendants-appellants, Michael D. Duermit and Duermit Development Co. ("Duermit"), appeal from the trial court's grant of summary judgment in favor of third-party defendants-appellees, Erie Insurance Co., Gregory D. Ransom, and Ransom Insurance Services. The appellants assign as error the following: (1) the trial court's failure to consider an affidavit filed before the scheduled hearing on the motion for summary judgment; and (2) the trial court's grant of summary judgment in favor of third-party defendants-appellees. Finding no merit in either assignment of error, we affirm the judgment of the trial court.
In their first assignment of error, appellants complain that the trial court granted summary judgment prematurely, thereby failing to consider an opposing affidavit properly filed three days before the scheduled hearing date for the motion. Appellants correctly point out that an opposing affidavit may be filed up to the day before the hearing date on a motion for summary judgment.[1]
In this case, the trial court had originally granted summary judgment in favor of appellees after having received no response to the motion from appellants within the time provided by Loc.R. 14(B) of the Hamilton County Court of Common Pleas. Due to a clerical error, however, the order was journalized under the wrong case number, and the parties received no notice of the order.
Then appellants filed an opposing affidavit, and the parties appeared for the originally scheduled hearing date on the motion. The record demonstrates that, despite appellants' opposing affidavit, the trial court concluded that no genuine issue of material fact remained to be litigated. The court then journalized its order under the appropriate case number. While the court initially had made a premature ruling on the motion, we hold that the error was harmless because the court indicated that it had considered appellants' opposing affidavit before entering its final judgment in favor of appellees under the proper case number. Therefore, we overrule the first assignment of error.
In their second assignment of error, appellants contend that the trial court erred by granting summary judgment to appellees, where oral notice of the loss in question had been provided by Duermit, the policyholder, to Ransom, an agent of Erie Insurance Co. The insurance policy at issue clearly provided that Duermit was to provide prompt written notice of an accident or occurrence "as soon as possible."
Notice provisions in insurance policies are generally considered conditions precedent to coverage.[2] Thus, where written notice is required by the contract, an insured's failure to provide timely written notice precludes coverage.[3] In such a case, oral notice to an agent is insufficient to trigger the policy's coverage where proper written notice is not given.[4] A provision in an insurance policy requiring prompt notice to the insurer requires notice within a reasonable time in light of all the surrounding circumstances.[5]
In this case, reasonable minds could not differ that Duermit had failed to provide written notice to appellees for more than five years after the alleged occurrence, and that such failure precluded coverage under the policy.[6] Accordingly, the trial court properly granted summary judgment in favor of appellees.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See Civ.R. 56(C); Manor Care Nursing Rehab. Ctr. v. Thomas
(1997), 123 Ohio App.3d 481, 485-486; 704 N.E.2d 593, 595-596.
[2] See Kornhauser v. Natl. Sur. Co. (1926), 114 Ohio St. 24,150 N.E. 921, paragraph three of syllabus; Heller v. Std. Acc. Ins. Co. (1928), 118 Ohio St. 237, paragraphs two and three of the syllabus.
[3] See Amer. Employers Ins. Co. v. Metro Regional Transit Auth. (C.A.6, 1993), 12 F.3d 591, 597-598.
[4] See Helman v. The Hartford Fire Ins. Co. (1995), 105 Ohio App.3d 617,623; 664 N.E.2d 991, 995.
[5] See Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau
(2000), 88 Ohio St.3d 292, 303; 725 N.E.2d 646, 655; Ruby v. MidwesternIndemnity Co. (1988), 40 Ohio St.3d 159, 32 N.E.2d 730.
[6] See Civ.R. 56(C); Heller, supra; American Employers, supra.