Jeffrey W. MITCHELL, Plaintiff,

v.

FIRST UNUM LIFE INSURANCE
COMPANY, et. al.,
Defendants.

No. C–1–95–80.

United States District Court,
S.D. Ohio,
Western Division.

April 1, 1998.

Robert Armand Perez, Cincinnati, OH, for plaintiff.

Jack Frederick Fuchs, Thompson Hine & Flory, Cincinnati, OH, for defendant.

## ORDER

HOGAN, United States Magistrate Judge.

The parties to this action have consented to the entry of final judgment by the undersigned United States Magistrate Judge. (Doc. 82). This matter is currently before the Court on the following motions and responsive memoranda: (1) defendant First Unum Life Insurance Company's motion for summary judgment on the second amended complaint (Doc. 92); (2) plaintiff Jeffrey Mitchell's memorandum in opposition to summary judgment (Doc. 101); (3) plaintiff's supplement of the record (Doc. 93); (4) defendant Unum's reply to plaintiff's supplement (Doc. 94); (5) plaintiff's sur-reply (Doc. 96); (6) plaintiff's

motion to strike affidavits (Doc. 100); (7) defendant's memorandum in opposition to the motion to strike (Doc. 103); (8) plaintiff's reply (Doc. 104); (9) plaintiff's second supplement of the record (Doc. 107); (10) defendant's response to plaintiff's second supplement (Doc. 108); (11) plaintiff's reply to his second supplement (Doc. 110); and (12) defendant's notices of supplemental authority. (Docs.112, 113). Also before the Court are the parties' proposed findings of fact and conclusions of law submitted for consideration on the parties' previous cross-motions for summary judgment as to the amended complaint. (Docs.39, 40). Furthermore, to the extent that the parties' previous cross-motions for summary judgment are applicable to the claims in the second amended complaint, the Court may refer to arguments set forth therein. (See Docs. 6, 14, 24, 48).

## UNDISPUTED FACTS

### The Parties

Plaintiff Jeffrey Mitchell is a former employee of Businessland, Inc. (Doc. 39, proposed findings of fact and conclusions of law annotated by defendant, p. 1; Doc. 40, proposed findings of fact and conclusions of law annotated by plaintiff, p. 1). Businessland was subsequently bought out and plaintiff became an employee of Businessland's successor in interest, JWP, Inc. (JWP). (Doc. 90, second amended complaint, ¶¶ 3, 4). As a JWP employee, plaintiff was a participant in an ERISA welfare benefit plan that provided, among other things, group long term disability (LTD) insurance.[1] (Doc. 39, p. 1; Doc. 40, p. 1). Defendant Unum is the insurance company that issued the long term disabili-

1. It should be noted that while defendant now challenges plaintiff's standing to bring this action by arguing that he was not a participant because he was not eligible for benefits at the time of his injury (see Doc. 92, defendant's most recent summary judgment motion, pp. 1–2, "Mitchell *claims* to be a participant in an employee welfare· benefit plan....") (emphasis added), defendant did not object to plaintiff's characterization of

himself as "a *participant* in Group Long Term Disability Insurance with First Unum...." (See Doc. 39, defendant's annotation of plaintiff's proposed findings of fact, p. 1) (emphasis added). Indeed, defendant itself described plaintiff in its proposed findings of fact as "a *participant* in an ERISA employee welfare benefit plan ... through Unum." (Doc. 36, p. 1) (emphasis added). This issue will be addressed more fully *infra*, pp. 695–96.

ty policy under which plaintiff sought benefits. The policy, issued by Unum to JWP as Policy Number 454506, had an effective date of October 1, 1991. (Doc. 7, Jensen Affidavit, Ex. A, Administrative Record, Policy, p. JM00074, attached).

Plaintiff was first employed by Businessland in March of 1991. (Deposition of Jeffrey Mitchell, p. 8).[2] At that time, the Unum LTD policy was not in effect. On June 29, 1991, Mitchell was injured at work when he strained his lower back. (Id). Mitchell went on disability leave in July 1991, and returned to work on February 10, 1992. (Id. at 11). On March 19, 1992, plaintiff suffered a second injury to his back during the course of his employment by attempting to stop a computer from falling off a table. (Doc. 90, amd. compl., ¶ 6; Doc. 7, Ex. A, Admin. Record, p. JM00015). Following this injury, plaintiff sought and received worker's compensation benefits.

Plaintiff was orally informed by Sharon Sloane, JWP's human resources representative, that he was not eligible for disability benefits under the Unum policy until he reached maximum medical improvement (MMI) for purposes of his worker's compensation benefits. (Doc. 7, Ex. A, Mitchell Aff., p. JM00012). After reaching MMI, plaintiff completed a claim form dated March 15, 1994, and submitted the form to his employer on June 21, 1994. (Id., LTD Employee Statement, pp. JM000121–24). JWP forwarded the form to Unum which received plaintiff's notice and proof of claim for his March 19, 1992 injury on June 27, 1994. (Id., Employer Statement, pp. 119–21).

Defendant initially denied plaintiff's claim on the grounds that, "it was not submitted within the time frame specified in the contract." (Id., p. JM00060). By

letter dated August 22, 1994, plaintiff sought an administrative appeal of defendant's decision denying benefits. (Id., p. JM00067). Upon review, defendant issued a letter again denying plaintiff's claim for benefits based on untimely notice and proof of claim. (Id., p. JM00001). The letter states in pertinent part:

> ... This claim was denied as it was not received within the time limit specified by policy provisions.... You have indicated that Mitchell did provide actual notice of disability to his company through the human resources administrator; however, notice must be given directly to Unum. You have indicated that the plan administrator informed him that he was not eligible for disability insurance through Unum as long as he was receiving Worker's Compensation benefits. However, as indicated in the contract, the plan administrator cannot act as an agent of Unum's, and therefore, their actions cannot be construed as the actions of Unum.... [W]e cannot base our decision on the actions of the plan administrator.

(Id).

### The Unum Policy

As an employee of Businessland, plaintiff was a member of Class Four of the five classes of eligible employees under the Unum policy. (Doc. 7, Ex. A, § I, Policy Specifications, p. JM00076). While the policy went into effect on October 1, 1991, the eligibility effective date for Class Four employees was January 1, 1992.(Id). The policy provides that "[a]n employee in a eligible class will be eligible for insurance on the later of: (1) the policy effective date; or (2) the day after the employee completes the waiting period." (Id., § III,

---

2. The Court is aware that in rendering its decision on the denial of benefits, the Court may only look to the administrative Record to determine whether the decision was proper under the applicable standard of review. *Perry v. Simplicity Engineering,* 900 F.2d 963, 966–67 (6th Cir.1990). Certain materials cited herein, such as plaintiff's deposition, are clearly outside the scope of the administrative record. Nevertheless, in order to present the parties' various arguments in a context that is meaningful, the Court finds it necessary to review some of the undisputed facts even though they may not be reflected on the administrative record.

Eligibility and Effective Dates, p. JM00093). For employees whose eligibility effective date starts after the policy effective date, such as Class Four employees, the waiting period extends until the first of the month following thirty days of active employment. (Id., § I, Policy Specifications, p. JM00079). The Policy also provides that the effective date for an employee will be delayed if the employee is not in active employment because of a disability. (Id., § III, Eligibility and Effective Dates, p. JM00093). Under such circumstances, the employee's insurance starts "on the date the employee returns to active employment." (Id).

The policy defines "insured" as "an employee under this policy" and further defines employee as "a person in active employment with the employer." (Id. at § I, Policy Specifications, p. JM00078; § II, Definitions, pp. JM00087–88). According to the policy, for plaintiff to be in "active employment" he must be working on a full-time basis, paid regular earnings, and working at least thirty hours per week at the employer's usual place of business or at a location to which the employer requires him to travel. (Doc. 7, Ex. A, § I, Policy Specifications, p. JM00078; § II, Definitions, p. JM00087). The policy also contains a limited exclusion for claims related to a pre-existing condition. (Id., § IV, Benefits, p. JM00100). A disability that is "caused by, contributed to by (sic), or resulting from a pre-existing condition" is not covered under the policy unless it begins after the insured has been covered under the policy for twelve months or unless, after the effective date, the insured completes a period of three consecutive months during which he has not received medical treatment. (Id).

The policy's general provisions set forth the procedure for filing both notice and proof of a claim for disability benefits. (Id., § VI, General Policy Provisions, ¶ F, p. JM00106). The policy provides in pertinent part:

1. Notice

Written notice of a claim for benefits must be given to the Company within 30 days of the date disability starts, if that is possible. If that is not possible, the Company must be notified as soon as it is reasonably possible to do so.

. . .

2. Proof

Proof of claim must be given to the Company. This must be done no later than 90 days after the end of the elimination period.

If it is not possible to give proof of claim within these time limits, it must be given as soon as reasonably possible.

Proof of continued disability and regular attendance of a physician must be given to the Company within thirty days of the request for the proof.

(Id).

Finally, the policy states that "[u]nder no circumstances will the policyholder be deemed an agent of the [Unum]." (Id., ¶ L, p. JM00107). Thus, the policy may be changed only with the approval of an officer or registrar of Unum and any such approval must be in writing and endorsed on or attached to the policy itself. (Id., ¶ B, p. JM00105). Other persons, including agents of Unum, lack authority to change the policy or waive any part of it. (Id).

## PROCEDURAL BACKGROUND

Plaintiff brings this action pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. for review of defendant Unum's administrative decision denying him long term disability benefits.[3] Before the parties consented to

---

**3.** In his amended complaint, plaintiff brought claims based on the denial of long term disability benefits against defendant Unum, and asserted claims for breach of fiduciary duty against plaintiff's former employer, JWP, Inc. (JWP), and its parent company, Entex Information Services, Inc. (Entex). (*See* Doc. 23, amended complaint). However, plaintiff, Entex, and JWP submitted stipulated dismissals which were approved by the Court and the claims against these defendants were dismissed on January 19, and February 5, 1996, respectively. (*See* Docs. 47, 50).

final disposition by the undersigned United States Magistrate Judge, defendant Unum moved for summary judgment as to plaintiff's original and amended complaint and plaintiff filed a cross-motion for summary judgment. (Docs.6, 14, 24, 48). On March 8, 1996, the District Court denied the parties' cross-motions for summary judgment, finding that genuine issues of fact existed concerning construction of the insurance contract. (Doc. 52). On March 28, 1996, defendant filed an answer to the amended complaint and filed a counterclaim against plaintiff for recoupment. (Doc. 55). Subsequently, both parties moved for reconsideration of the Court's March 8, 1996 Order in light of the Sixth Circuit's decision in *Schachner v. Blue Cross and Blue Shield of Ohio,* 77 F.3d 889 (6th Cir.1996). (*See* Docs. 56, 60). On December 2, 1996, plaintiff also moved for leave to file a second amended complaint. (Doc. 85). On January 22, 1997, this Court granted plaintiff leave to file a second amended complaint. (Doc. 91). Defendant then filed a motion to dismiss, or in the alternative for summary judgment, as to plaintiff's second amended complaint. (Doc. 92). On March 10, 1997, this Court granted the parties' motions for reconsideration. (Doc. 97). Plaintiff filed several supplemental memoranda thereby renewing his summary judgment motion as to the second amended complaint. (Docs.93, 96, 107). Following this wave of supplemental briefing by the parties, on April 10, 1997, this Court held a hearing on the parties' cross-motions for summary judgment as to the second amended complaint. (Doc. 102).[4]

In his second amended complaint, plaintiff asserts the following claims against Unum: (1) that defendant improperly denied plaintiff benefits due under 29 U.S.C. § 1132(a)(3); (2) that defendant failed to draft a summary plan description (SPD) in language understandable to an ordinary person as required by ERISA; (3) that defendant breached its fiduciary duty to plaintiff by failing to give plaintiff a copy of the SPD and then denying his claim based on procedural requirements set forth in the plan; (4) that defendant is estopped from asserting late notice based on misrepresentations by Mitchell's employer who had apparent authority from Unum; and (5) that defendant is liable for ERISA statutory damages under 29 U.S.C. § 1132(c) because it failed to forward a copy of the policy to plaintiff.

## STANDARD OF REVIEW UNDER ERISA

An employee may challenge an ERISA plan administrator's decision to deny benefits under 29 U.S.C. § 1132(a)(1)(B). When an employee raises such a challenge, the District Court must review the administrator's decision under a *de novo* standard, unless "the benefit plan in question gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Where the plan grants discretionary authority to the administrator, the Court must apply the highly deferential arbitrary and capricious standard to its review of the benefits decision. *Yeager v. Reliance Standard Life Ins. Co.,* 88 F.3d 376, 380 (6th Cir. 1996). Under an arbitrary and capricious standard, the Court must affirm the administrator's decision if the record evidence establishes a reasonable basis for the decision. *Davis v. Kentucky Fin. Cos. Retirement Plan,* 887 F.2d 689, 693–94 (6th Cir.1989), *cert. denied,* 495 U.S. 905, 110 S.Ct. 1924, 109 L.Ed.2d 288 (1990). Under the *de novo* standard of review, however, the Court must consider "the proper interpretation of the plan and

4. To the extent that this Court's order granting the parties' motions for reconsideration could be construed as reviving the parties' summary judgment motions as to the original and amended complaints, those motions are denied as moot. The Court will review the parties' arguments set forth in their memoranda insofar as they apply to the claims alleged in the second amended complaint.

whether an employee is entitled to benefits under it" based solely on the record that was before the administrator. *Perry v. Simplicity Engineering*, 900 F.2d 963, 966–67 (6th Cir.1990). *See also Lake v. Metropolitan Life Ins. Co.*, 73 F.3d 1372, 1376 (6th Cir.1996); *Wulf v. Quantum Chemical Corp.*, 26 F.3d 1368, 1372 (6th Cir.1994).

█ Initially, defendant argued that its decision to deny benefits should be reviewed under the arbitrary and capricious standard. Defendant asserted that while interpretation of plan documents was not within its scope of authority, the determination of which employees were eligible for benefits was within Unum's discretion. (*See e.g.* Doc. 60, motion to reconsider, pp. 10–11). The Court notes that the assertion that defendant is merely a claims administrator, not a plan administrator, is somewhat at odds with defendant's argument that it exercises sufficient discretion to merit a more deferential standard of review. Furthermore, defendant has failed to direct this Court to any provision in the policy granting it such discretionary authority. Upon review of the policy language, the policy does not grant defendant the discretion to determine eligibility or to interpret plan documents as contemplated by the Supreme Court in *Bruch*. Defendant cites to the policy language regarding requests for proof of continuing disability as support for its position that it has the discretion to determine eligibility. The policy states that "proof of continued disability ... must be given to the Company within thirty days of the request for the proof." (Doc. 7, Ex. A, § VI, General Policy Provisions, ¶ F, p. JM00106). This language falls far short of the type of language found by the *Lake* court to support a grant of discretionary authority. *See* 73 F.3d at 1376 (language granting insurer authority to "make all decisions on claims" and vesting "management and control of the operation and administration of claims procedures" in insurer sufficient to grant discretionary authority to defendant to determine who is eligible for benefits). Indeed, in more recent filings defendant

has effectively conceded that this case should be reviewed under the *de novo* standard. (*See* Doc. 94, def.'s reply to pl.'s supplement of record, pp. 1, 4). Because this Court finds that the policy language does not confer discretionary authority on defendant to interpret the terms of the plan or to determine eligibility, this Court will review plaintiff's claim for denial of benefits under a *de novo* standard.

## PLAINTIFF'S MOTION TO STRIKE WILL BE DENIED

█ Before addressing the merits of the parties' cross-motions for summary judgment, the Court will consider plaintiff's motion to strike the Jensen and Srere affidavits. Plaintiff moves the Court to strike the Jensen and Srere affidavits filed by defendant on the grounds that these materials are not part of the administrative record. However, plaintiff concedes that the attachments to the Jensen Affidavit which constitute the administrative record itself are admissible. Defendant opposes plaintiff's motion and asserts that the Court may consider evidence outside the record when the evidence relates to a party's standing to bring the action. Defendant also argues that the affidavits are admissible insofar as they relate to defendant's counterclaim for recoupment.

As noted above, this Court's review of the decision to deny plaintiff benefits is limited to the administrative record. Obviously, the record attached to the Jensen affidavit will not be stricken. However, in the context of plaintiff's claim for benefits, the Court cannot and will not consider the affidavits themselves which are not part of the record upon which Unum made its benefits decision. *See Perry*, 900 F.2d at 967. Nevertheless, should this Court need to reach the issues presented by defendant's counterclaim for recoupment, the Court is not barred from considering these materials. As with any affidavit presented pursuant to Fed.R.Civ.P. 56, this Court may consider those relevant and admissible portions of the submission while ignor-

ing extraneous material. *See A.L. Pickens Co., Inc. v. Youngstown Sheet & Tube Co.,* 650 F.2d 118, 121 (6th Cir.1981). Because this Court has discretion to disregard those facts which would be inadmissible and rely on the competent evidence in deciding the summary judgment motion, plaintiff's motion to strike will be denied. *See Wimberly v. Clark Controller Co.,* 364 F.2d 225, 227 (6th Cir.1966).

## DEFENDANT'S SUMMARY JUDGMENT MOTION WILL BE GRANTED AND PLAINTIFF'S SUMMARY JUDGMENT MOTION WILL BE DENIED

Defendant moves this Court to dismiss plaintiff's second amended complaint for failure to state a claim, or in the alternative, for summary judgment. Rule 12 governs dismissals and provides in part:

If, on the motion asserting the defense ... for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . .

Fed.R.Civ.P. 12(b). Because resolution of the issues before the Court requires consideration of matters outside the pleadings, most notably the administrative record, defendant's motion will be treated as a motion for summary judgment.

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987); *Harris v. Adams,* 873 F.2d 929, 931 (6th Cir.1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgement motion. *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon,* 912 F.Supp. 280, 283 (S.D.Ohio 1995) (Spiegel, J.).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes,* 912 F.Supp. at 283. *See also Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479–80 (6th Cir.1989); *Frito-Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (D.C.Cir.1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street,* 886 F.2d at 1478 (citing *Celotex* and *Anderson* ). "Where the record taken as a whole could

not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Defendant raises several arguments in support of its motion for summary judgment. First, defendant asserts that plaintiff lacks standing to bring the within action because under the terms of the policy, plaintiff was not eligible for benefits and therefore was not a plan participant at the time of his disabling injury. Defendant also asserts that plaintiff lacks standing because the injury for which he seeks benefits is directly related to a pre-existing condition and therefore is not covered under the terms of the policy. Second, defendant argues that plaintiff's notice and proof of claim were untimely, thereby barring an award of benefits under the plan. Defendant further asserts that it was prejudiced by plaintiff's late notice because an intervening automobile accident impacted plaintiff's medical condition and defendant was unable to conduct a contemporaneous medical examination. Third, defendant contends that as the claims administrator, defendant Unum was not responsible for preparation or distribution of the SPD. Defendant also argues that because it was not a plan administrator, it is not liable for statutory damages for failure to provide plaintiff with plan documents. Finally, defendant contends that plaintiff's employer was not defendant's agent; therefore, any representation by the employer cannot estop defendant from asserting untimely notice as a defense. As for its counterclaim, defendant contends that even if the Court considers the eligibility and pre-existing condition arguments to have been waived at the administrative level, defendant is entitled to recoupment of any benefits awarded to plaintiff because he was not eligible under the terms of the plan. Defendant concedes that if the Court grants summary judgment in its favor, its counterclaim would be rendered moot and would be withdrawn.

Plaintiff argues that summary judgment should be granted in his favor because: (1) plaintiff's employer was acting with apparent authority as Unum's agent when JWP human resources personnel told plaintiff he could not file for benefits under the Unum plan until his worker's compensation benefits expired; (2) as a fiduciary, Unum had a duty to provide plaintiff with a copy of the plan and cannot assert late notice as a defense where plaintiff did not have a copy of the policy; (3) defendant's late notice defense is without merit because defendant has failed to demonstrate that it was prejudiced by plaintiff's alleged delay in filing notice and proof of claim; (4) plaintiff filed his notice and proof of claim "as soon as reasonably possible" in light of the misrepresentations made to him by JWP human resources personnel; (5) defendant waived its arguments as to plaintiff's lack of standing by failing to raise the issues of eligibility and pre-existing condition on the administrative record; and (6) there is no evidence in the administrative record that plaintiff's intervening automobile accident impacted his medical condition or that defendant was precluded from seeking an additional medical evaluation. Plaintiff asserts that information regarding the automobile accident was contained in the administrative file. Plaintiff argues that defendant failed to pursue this issue due to its own breach of fiduciary duty to fully review the administrative record before denying his claim for benefits.

### Plaintiff Does Not Lack Standing

■ Defendant argues that because plaintiff was ineligible for benefits under the plan, he lacks standing to bring the within action for denial of benefits. Defendant asserts that under the plan, plaintiff was not entitled to benefits for two reasons. First, defendant argues that plaintiff was ineligible because he was not in active employment at the time the policy went into effect and had not completed the applicable waiting period once he returned to work. Second, defendant contends that plaintiff was not eligible for benefits be-

cause he suffered from a pre-existing condition at the time of his March 19, 1992 injury. Plaintiff counters that as a plan participant under ERISA, he has standing to bring the within claims. Plaintiff also argues that defendant has waived its lack of standing defenses based on ineligibility or pre-existing condition arguments because it failed to raise either argument in the administrative proceedings.

Under ERISA, only plan participants and beneficiaries have standing to bring a claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). *See* 29 U.S.C. § 1132(a)(1); *Teagardener v. Republic–Franklin Inc. Pension Plan*, 909 F.2d 947, 951 (6th Cir.1990). ERISA defines "participant" as:

> Any employee or former employee of an employer, or any member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be ·eligible to receive any such benefit.

29 U.S.C. § 1002(7). In other words, the term "participant" means an employee who has "a colorable claim" to vested benefits. *Teagardener*, 909 F.2d at 951 (citing *Bruch*, 489 U.S. at 110, 109 S.Ct. 948) (internal quotations omitted). To establish that plaintiff may become eligible to receive a benefit, he must have a colorable claim that he .will prevail in a suit for benefits or that eligibility requirements will be fulfilled in the future. *Id.* Clearly, a plaintiff does not have standing merely by asserting that he is a participant. *Teagardener*, 909 F.2d at 952. However, under *Bruch* a plaintiff is a participant under ERISA if he can demonstrate that his right to benefits has vested or *will* vest. *Id.*

In the present case, at the time of his March 19, 1992 injury, plaintiff was clearly "an employee ... [who] may become eligible to receive a benefit of any type from an employee benefit plan...." 29 U.S.C. § 1002(7). It is undisputed that plaintiff

was a member of Class Four of eligible employees under the Unum LTD Plan. As a member of a class of employees eligible for coverage under the Plan, plaintiff has a "colorable claim" to benefits. Defendant argues that in fact plaintiff was ineligible; therefore, he lacks standing. Yet, to determine whether plaintiff has standing the Court need not resolve the issue of whether plaintiff was in fact eligible for benefits at the time of his injury. Defendant does not dispute that plaintiff became eligible for benefits after his injury. Thus, as a participant who "may become eligible" for benefits, it is enough for plaintiff to show that the eligibility requirements would be (and in this case were) fulfilled in the future. Furthermore, as noted above, defendant conceded plaintiff's status as a participant in the earlier stages of this litigation. (*See supra* p. 2, n. 1). Consequently, the Court finds that plaintiff has standing to bring the within action for benefits under ERISA. To hold otherwise would preclude judicial review of those cases where the administrator wrongly determines that a participant is ineligible under the terms of the plan.

### Defendant Has Waived Defenses Based on Pre–Existing Condition and Lack of Eligibility

As a corollary to this Court's determination that plaintiff has standing to assert a claim for denial of benefits, this Court also finds that defendant has waived its right to assert lack of eligibility and pre-existing condition as defenses to plaintiff's claims. Defendant failed to raise either of these issues during the administrative process. Nevertheless, it is clear from a review of the administrative record that defendant was aware at the time of its benefits decision that these defenses could be raised as additional reasons for denying plaintiff's claim. (*See* Notes to Administrative File date June 29, 1994, Doc. 7, Ex. A, pp. JM00116–17) ("if claim is appealed we need to address possible pre-x (sic) issues & eligibility issues"). Nevertheless, when plaintiff appealed the initial decision

to deny benefits, the only reason for denial given by defendant on appeal was plaintiff's failure to timely file notice and proof of claim. (*See* January 19, 1995 Denial Letter, Doc. 7, Ex. A, p. JM00001) ("The claim was denied as it was not received within the time limit specified by policy provisions.")

As the *Perry* Court stated, "A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." 900 F.2d at 967 (citing 1974 U.S.C.C.A.N. 4639, 5000). Thus, the administrator is required to clearly set forth the reasons upon which a decision to deny benefits is based and the relevant portions of the plan that govern that decision. 29 U.S.C. § 1133; 29 C.F.R. § 2560.503–1(f).[5] By doing so, participants and beneficiaries can request a review of the decision and have an opportunity to submit additional evidence on appeal that is relevant to the administrator's decision. *Id.* Consequently, the Court will not review evidence that could and should have been presented in the administrative process but was not. *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir.1991). Similarly, the Court will not consider arguments that the administrator failed to raise as a basis for denial of the claim. *Perry*, 900 F.2d at 967 ("Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of [ERISA's] goal."). Because the issues of eligibility and pre-existing condition were not raised in defendant's denial letters as required by 29 U.S.C. § 1133, the only way to reach these arguments is for the Court to remand the case to the administrator for consideration of these issues in light of any additional evidence

that plaintiff would choose to submit. *Cf. Edens v. Central Benefits National Life Ins. Co.*, 900 F.Supp. 928, 931–32 (W.D.Tenn.1995) (where administrator fails to comply with § 1133, case may be remanded for consideration of additional evidence so that plan participant may have full and fair review of administrative decision); *VanderKlok v. Provident Life and Accident Ins. Co.*, 956 F.2d 610, 615–16 (6th Cir.1992) (same). Recognizing that these issues are outside the administrative record, plaintiff does not seek to challenge the merits of these arguments. Furthermore, remand in this case is unnecessary because as set forth more fully below, the Court finds that defendant's decision to deny benefits was proper based on plaintiff's untimely notice and proof of claim.

## Defendant's Decision to Deny Benefits Based on Plaintiff's Untimely Notice and Proof of Claim Was Proper

As this Court has stated above numerous times, the Court must conduct a *de novo* review of defendant's decision to deny plaintiff's claim for benefits. *Perry*, 900 F.2d at 966. *De novo* review simply means a determination "whether or not the Court agrees with the administrative decision based on the record that was before the administrator." *Id.* Plaintiff argues that the decision to deny plaintiff's claim for benefits was improper for several reasons. First, plaintiff alleges that he did not have a copy of the plan documents or an SPD; therefore, he did not know what the plan's procedural filing requirements were. Second, plaintiff asserts that he submitted notice and proof of claim as soon as reasonably possible given the fact that Sharon Sloane told him he could not file a claim for LTD benefits under the Unum plan until his Worker's Compensa-

---

5. 29 U.S.C. § 1133 provides:
    In accordance with regulations ... every employee benefit plan shall—(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written

in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

tion benefits terminated. Third, plaintiff argues that even if his notice and proof of claim were late, untimeliness cannot be the basis for defendant's decision because Unum was not prejudiced by such untimely filing.

ERISA imposes the following duty of disclosure and reporting on plan administrators:

> The administrator of each employee benefit plan shall cause to be furnished in accordance with section 1024(b) . . . to each participant covered under the plan and to each beneficiary who is receiving benefits under the plan—(1) a summary plan description . . . .

29 U.S.C. § 1021(a). Furthermore, ERISA defines "administrator" as: "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe." 29 U.S.C. § 1002(16)(A).

In the present case, the plan instrument does not designate an administrator. (*See* Doc. 7, Ex. A, Unum Plan, pp. JM00072–109). Accordingly, the plan sponsor, in this case JWP, is the plan administrator. As such, JWP is responsible for disclosure and reporting of the plan and summary plan description pursuant to 29 U.S.C. § 1021(a). Any failure to provide plaintiff with an SPD cannot, therefore, be attributed to Unum. Thus, the plan clearly states that "[u]nder no circumstances will the policyholder [i.e. JWP] be deemed an agent of the Company." (Id., ¶ L, p. JM00107). Because the policy may be changed only with the approval of an Unum officer or registrar, (id., ¶ B, p. JM00105), and because other persons, including agents of Unum, lack authority to change the policy or waive any part of it, the policy is clear that any misrepresentations made by Sharon Sloane, who is a JWP employee, are not attributable to Unum. Furthermore, these misrepresenta-

tions cannot alter the terms of the plan and are not a basis upon which to estop Unum from applying the plan's terms. *See Sprague v. General Motors Corporation*, 133 F.3d 388, 403–04 (6th Cir.1998) (en banc) (principles of estoppel cannot be applied to vary the terms of unambiguous plan documents). Plaintiff concedes that the plan provisions which govern notice and proof of claim are unambiguous. (Doc. 56, pl. motion for reconsideration, pp. 5–6). Consequently, the question raised by Unum's decision to deny plaintiff's claim concerns whether the notice and proof of claim were timely without regard to any statements made by Sloane. *See Sprague*, 133 F.3d at 404 ("to allow estoppel to override the clear terms of the plan documents would be to enforce something other than the plan documents themselves").

Even if this Court wanted to apply equitable estoppel to the facts of this case, plaintiff could not prevail under that theory. In order to establish the elements of an equitable estoppel claim, plaintiff must show that: (1) there was conduct or language amounting to a representation of material fact; (2) the party to be estopped was aware of the true facts; (3) the party to be estopped must intend that the representation be acted on, or plaintiff must reasonably believe that the party to be estopped so intends; (4) plaintiff must be unaware of the true facts; and (5) plaintiff must reasonably or justifiably rely on the representation to his detriment. *Sprague*, 133 F.3d at 403 (citing *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1298 (6th Cir. 1991)). In this case, plaintiff seeks to estop defendant from denying benefits based on statements by Sloane. However, as noted above, Sloane was not acting as an agent for Unum. Nor did Unum intend that oral representations by a JWP employee be acted upon with regard to the plan. Accordingly, plaintiff's efforts to seek a reversal of the administrative decision based on Sloane's representations and principles of estoppel must fail.

Lastly, plaintiff argues that Defendant was not prejudiced by plaintiff's late filing; therefore, the claim should not have been denied. Plaintiff argues that the notice-prejudice rule of *Cisneros v. UNUM Life Ins. Co.*, 115 F.3d 669 (9th Cir.1997), applies to the present case. However, upon rehearing the Ninth Circuit held that ERISA has no notice-prejudice rule; rather, under ERISA's savings clause California's notice-prejudice rule applies. *Cisneros v. UNUM Life Ins. Co. of America*, 134 F.3d 939, 948 (9th Cir.1998). Whatever the wisdom of the *Cisneros* case, the notice-prejudice language gleaned from Ohio insurance cases makes it clear that a notice-prejudice rule, if Ohio has one, does not regulate insurance so as to fall within the savings clause and preclude ERISA preemption. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *McMahan v. New England Mut. Life Ins. Co.*, 888 F.2d 426 (6th Cir.1989); *Davies v. Centennial Life Ins. Co.*, 128 F.3d 934, 940–41 (6th Cir.1997). *See also American Employers Ins. Co. v. Metro Regional Transit Authority*, 12 F.3d 591, 595 (6th Cir.1993) (reconciling Ohio notice-prejudice cases and holding that reasonable notice must be determined in light of all facts and circumstances, including among others, whether unreasonable delay on the part of the insured creates a presumption that late notice was prejudicial. With or without such presumption, plaintiff cannot recover if notice did not meet condition precedent of giving notice within a reasonable time). Accordingly, plaintiff's argument that the denial of benefits was improper because defendant did not suffer any prejudice must be disregarded.

The Unum policy provides that notice must be given to Unum "within 30 days of the date disability starts, if that is possible." The policy also state that where it is not possible to give notice within that period, "the Company must be notified as soon as it is reasonably possible to do so." (Id., § VI, General Policy Provisions, ¶ F, p. JM00106). Similarly, proof of a claim must be given to Unum "no later than 90 days after the end of the elimination period." (Id). If it is not possible to give proof of claim within the time limits, it must be given "as soon as reasonably possible." (Id). In the instant case, plaintiff's elimination period was one year. (Id., § I, Policy Specifications, p. JM00077–78).

It is undisputed that plaintiff failed to give notice or proof of claim within the time periods set forth above. Plaintiff suffered a disabling injury on March 19, 1992. (Doc. 90, amd. compl., ¶ 6; Doc. 7, Ex. A, Admin. Record, p. JM00015). Plaintiff subsequently completed a claim form dated March 15, 1994, and submitted the form to his employer on June 21, 1994. (*See* Doc. 7, Ex. A, LTD Claim Employee's Statement, pp. JM00121–124). JWP forwarded the form to Unum which received plaintiff's notice and proof of claim for his March 19, 1992 injury on June 27, 1994. (Id., Employer's Statement, p. JM000119–20). Thus, plaintiff's notice of claim was submitted over two years after the date of injury. Under the terms of the policy, plaintiff's proof of claim was due within three months from the end of the elimination period, March 20, 1993. Having addressed and rejected plaintiff's arguments regarding notice-prejudice and misrepresentations by JWP, there is no evidence that it was not possible for plaintiff to submit notice and proof of claim within the time limits when notice and proof were otherwise due. Plaintiff did not submit proof of claim until June 27, 1994, over one year and three months after the time when proof was otherwise due. Such a delay is not reasonable under the facts and circumstances of this case. *See American Employers*, 12 F.3d at 595. For the foregoing reasons, the Court agrees with the administrator's decision that plaintiff's notice and proof of claim were untimely under the policy. Accordingly, defendant's summary judgment motion will be granted as to plaintiff's claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and as to plaintiff's

claim for benefits based on the theory of equitable estoppel.

■ AS for plaintiff's three remaining claims the Court will address each of these arguments in turn. First, Plaintiff alleges that defendant is liable for statutory penalties under 29 U.S.C. § 1132(c) because it failed to provide plaintiff with requested plan documents. Defendant cannot be liable for statutory penalties under 29 U.S.C. § 1132(c) for failure to produce requested plan documents because defendant is not the plan administrator. 29 U.S.C. § 1132 imposes liability on "[a]ny administrator ... who fails or refuses to comply with a request for any information which such administrator is required by [ERISA] to furnish to a participant or beneficiary...." 29 U.S.C. § 1132(c). Where the insurance company is not the plan administrator, it cannot be held liable pursuant to this statutory provision. *VanderKlok*, 956 F.2d at 618 (citing with approval *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296 (9th Cir.1989)).

■ Second, plaintiff asserts that defendant is liable for failing to draft an SPD in language reasonably calculated to be understood by plaintiff. Just as defendant is not liable for failing to produce plan documents, defendant is not liable for failing to draft an SPD. As noted above, the plan administrator is responsible for furnishing SPDs to plan participants. 29 U.S.C. § 1021(a). Similarly, ERISA's requirements regarding drafting and filing of the SPD apply to the plan administrator. *See* 29 U.S.C. §§ 1022(b), 1024(b). Because Unum is not the plan administrator, defendant is not liable for any alleged failure to properly draft an SPD.

■ Third, plaintiff claims that even if defendant is not the plan administrator, as a fiduciary, defendant breached its duty by failing to provide plaintiff with a copy of the plan and SPD. As set forth above, the statutory provisions that govern drafting and furnishing SPDs to participants clearly place those duties on the plan administrator. While a participant may bring an action for breach of fiduciary duty (*see* 29 U.S.C. § 1132(a)(2)), a person who breaches such duty "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach...." 29 U.S.C. § 1109(a). Because the duty to provide an SPD does not rest with defendant, it cannot be liable for a breach of that duty. Furthermore, there is no evidence that the plan has suffered a loss for which Unum would be liable to "make good to such plan." Finally, plaintiff neither seeks an injunction pursuant to 29 U.S.C. § 1132(a)(3)(A), nor has a cognizable claim for equitable relief. *See supra* pp. 699–700. Thus, plaintiff cannot maintain a claim under 29 U.S.C. § 1132. For all the reasons set forth above, summary judgment will be granted as to the claims set forth in plaintiff's second amended complaint. Defendant concedes that if the Court grants summary judgment in favor of defendant, it would withdraw its counterclaim. Accordingly, defendant's counterclaim will be dismissed.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's motion to strike (Doc. 100) is DENIED;

(2) Defendant's summary judgment motion (Doc. 92) is GRANTED;

(3) Defendant's Counterclaim be DISMISSED;

(4) Plaintiff's summary judgment motion is DENIED; and

(5) This case be DISMISSED with each party to bear his own costs.

SO ORDERED.